HORACE T. CASWELL, APPELLANT, v. ALFRED A. KEMP AND OTHERS, RESPONDENTS, AND THE BIGELOW BLUE STONE COMPANY, APPELLANT.

*Judgment — when it may be enforced, as against the heirs-at-law of the debtor, after more than ten years have elapsed from the date of its entry.*

In an action brought for the partition of real estate belonging to one Alfred Kemp, deceased, a creditor who had recovered judgments against the deceased, which had been docketed within ten years prior to the filing and service of the summons and complaint, was made a party defendant. At the time of the hearing before the referee, appointed by the order usually made in actions of partition, more than ten years had elapsed from the time of the entry of the judgments. The referee refused to find that the judgments were liens upon the premises, as against the heirs-at-law of the deceased, and refused to find that they should be paid out of the proceeds of the sale of the premises.

*Held,* error; that as the judgments were liens at the time the action was commenced, and the judgment creditors were made parties, the interests of all must be determined with reference to their rights as they existed at the time of the commencement of the action.

APPEAL by the plaintiff and one defendant from an interlocutory judgment, entered in this action brought to procure a partition of the real estate of Alfred Kemp, deceased.

The plaintiff in his complaint, under section 1537 of the Code of Civil Procedure, joined as a defendant herein the Bigelow Blue Stone Company, the judgment creditor under certain unsatisfied judgments, recovered against the deceased intestate within ten years prior to the

filing and service of the complaint, and docketed in Kings county, and recited that such judgments were liens of this defendant company against the premises in suit. The oldest of these judgments was recovered on the 6th October, 1874. The complaint and *lis pendens* were filed on the 3d March, 1884. On the 30th October, 1884, the order of reference usual in partition cases was entered by which it was referred to Jackson A. Burr, Jr., Esq., " to take proof of the rights, shares and interests of the several parties in the real property in suit, and of the several matters set forth in the complaint, and to ascertain and report the rights and interests of the several parties in the premises."

The first hearing before the referee was had on the 12th November, 1884, and the plaintiff put in evidence the county clerk's search and the judgment-rolls under which these judgments were obtained. The counsel for the infant defendant objected to these judgments as immaterial on the sole ground that ten years had elapsed since the recovery of these judgments, and that they were no longer liens against the property. The referee found that all of these judgments are unsatisfied judgments against the ancestor of these co-tenants, appearing of record in Kings county, and that the defendant, the Bigelow Company, is the owner and judgment creditor of record as to all of them; that up to and after the time of the joinder of issue in this action the period of ten years after the entering of any of said judgments had not expired. He refused to find that the premises were subject to the claims of the defendants, who were judgment creditors under the said judgments, or that they were valid and subsisting claims against the premises, or that, as between the said judgment creditors and the defendants, who were heirs-at-law of the judgment debtor and co-tenants, they were valid and subsisting liens against the premises.

The referee further refused to find that these judgments should be paid out of the proceeds of a sale of the premises. In the report the referee decides " that these defendant judgment creditors have no interest in or lien upon the premises," and, as a conclusion of law, " that said judgments have by lapse of time ceased to be a lien upon the premises." The appellants having excepted to the findings and refusals of the referee to find in respect to this allegation of the complaint in reference to these judgments, the matter was

submitted to Mr. Justice CULLEN at Special Term, where the referee was sustained and the report confirmed.

*Robert Sewell*, for the plaintiff, appellant.

*William A. Wolff*, for the defendant, appellant.

*William B. Hurd, Jr.*, for the respondents.

BARNARD, P. J.:

By section 282 of the old Code judgments ceased to be a lien upon lands of the debtor at the expiration of ten years from the date of docketing in the county where the lands were situated. The Revised Statutes (part 3, chap. 6, tit. 4, art. 1, §§ 4, 5) were superseded by this section of the old Code. (*Evans* v. *Hill*, 18 Hun, 464.)

,These provisions of the Revised Statutes determined that a judgment should bind and be a charge upon the lands of the debtor, and that "from and after ten years from the time of the docketing * * * it shall cease to bind or be a charge * * * as against purchasers in good faith," etc.

Section 282 of the Code determined the same thing and is clearly intended as a substitute for the former, and the language of the Code making the judgment a lien for ten years and omitting the provisions of the Revised Statutes above mentioned, which limited the lien to ten years in respect to purchasers in good faith and subsequent incumbrancers, discloses an intention to make a judgment a lien upon lands for ten years and no longer. But although the lien ceases it does not follow that the creditor is deprived of the right to sell his debtors' real estate at any time while it is in his legal possession. (*Beard* v. *Sinnott*, 35 N. Y. Supr., 51.) And in this action the judgments were liens at the time the suit was commenced, and the judgment creditors were made parties and the interests of all must be determined with reference to their rights as they existed at the commencement of the action. All the parties interested in the property were before the court and the action was for the purpose of setting apart to each party his share or interest, and it was proper that the judgment creditors should enforce their claims in this action and not resort to other remedies, and it was not necessary that they should in order to save their rights. Their liens

were preserved although the action was continued beyond the ten-year limit. Any proceedings taken upon their judgments after the commencement of the action would have been taken subject to whatever judgment was rendered herein.

Interlocutory judgment modified so as to declare the judgments claims and entitled to payment according to their priority out of the proceeds of sale after the payment of the expenses of suit and the dower interest.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Part of decree appealed from reversed, and decree modified in accordance with opinion. Order to be settled by Justice BARNARD.